UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON CHAPMAN,

        Petitioner,         Case No. 1:08-cv-1083

v.        Honorable Robert Holmes Bell

CINDI S. CURTIN,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because the time for filing a habeas petition has now expired, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

      I.        Factual allegations

Petitioner Aaron Wayne Chapman presently is incarcerated at the Oaks Correctional Facility. He was convicted by a Montcalm County jury of unlawfully driving away an automobile, MICH. COMP. LAWS § 750.413, and first-degree murder, MICH. COMP. LAWS § 750.316a. On August 15, 2005, Petitioner was sentenced to respective terms of imprisonment of three to five years and life.

Petitioner appealed his convictions to the Michigan Court of Appeals, raising four issues: (1) the admission of a co-defendant's out-of-court statements violated Petitioner's rights under the Confrontation Clause; (2) the trial court erred in refusing to instruct the jury that the confession of a co-defendant could not be used as substantive evidence against Petitioner; (3) trial counsel was ineffective in failing to move to suppress statements made to a jail informant; and (4) Petitioner was denied due process when the trial court refused his request to hire an investigator. Petitioner filed a *pro per* supplemental brief on appeal, in which he argued that the trial court had denied him due process by refusing to grant a separate trial or separate jury. In an unpublished decision issued July 31, 2007, the court of appeals affirmed the convictions.

Petitioner sought leave to appeal to the Michigan Supreme Court, raising the four issues raised by counsel in the court of appeals, together with a bifurcated claim that he had been denied the effective assistance of both trial and appellate counsel in a variety of ways. The Michigan Supreme Court denied leave to appeal on November 29, 2007.

Petitioner filed his initial petition in this Court on or about November 13, 2008.[1] In his initial application, Petitioner appeared to raise two new issues, not previously presented in the Michigan courts:

> I. WAS THE TRIAL COURT'S RULING PROHIBITING THE DEFENDANT THE ABILITY TO CROSS-EXAMINE THE POSSIBILITY THAT A WITNESS WAS BIASED AS A RESULT OF THE STATE['S] DISMISSAL OF PENDING MATTERS/CHARGES A VIOLATION OF THE DEFENDANTS' RIGHTS SECURED BY THE CONFRONTATION CLAUSE?
>
> II. DOES THE DUE PROCESS CLAUSE INSULATE CITIZENS FROM BEING DENIED PROTECTED LIBERTY INTERESTS GROUNDED IN THE UN[]ITED STATES CONSTITUTION RELEVANT TO BURDEN SHIFTING, THROUGH THE MANIPULATION OF THE MANDATORY RIGHTS & PRIVILEGES SUCH AS VENUE CHANGE, JURISDICTION, AND JURY TRIALS?

(Pet., 2, docket #1.) Because the petition was not filed on the required form, *see* Rule 2(d), RULES GOVERNING § 2254 CASES; W.D. Mich. LCivR 5.6(a), the Court, on December 29, 2008, directed Petitioner to file an amended petition on the form within 30 days (docket #5). In response to the order, Petitioner filed on January 23, 2009 an incomplete form petition, together with copies of his state-court appellate documents (docket #6). Because the first amended petition lacked certain information, the Court, on February 3, 2009, ordered Petitioner to file within 30 days a second amended petition that contained complete information (docket #7).

On March 2, 2009, Petitioner handed his second amended petition to prison authorities for mailing, and it was received by this Court on March 9, 2009. In his second amended

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on November 13, 2008, and it was received by the Court on November 20, 2008. Thus, it must have been handed to prison officials for mailing at some time between November 13 and 20, 2008. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

petition, Petitioner raises the four grounds raised by counsel on direct appeal in the Michigan Court of Appeals and raised in his *pro per* application for leave to appeal to the Michigan Supreme Court. As his fifth ground for habeas relief, Petitioner raises the issue raised in his application for leave to appeal to the Michigan Supreme Court – the ineffective assistance of trial and appellate counsel. As grounds six and seven, Petitioner raises the two new grounds set forth in his original habeas petition in this Court.

II.   Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he exhausted his first five issues in the state courts. Contrary to Petitioner's representations, however, Petitioner's fifth ground for habeas relief – the ineffective assistance of trial and appellate counsel – was raised for the first time in Petitioner's application for leave to appeal to the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Hall v. Huffman*, No. 98-3586, 2000 WL 1562821, at *3 (6th Cir. 2000); *Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *but see Ashbaugh v. Gundy*, 244 F. App'x 715, 717 (6th Cir. 2007) (declining to reach question of whether a claim raised for the first time in an application for leave to appeal to the Michigan Supreme Court is exhausted). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied; thus, his fifth ground for habeas review is not exhausted. In addition, Petitioner acknowledges that he has never raised his sixth and seventh habeas grounds in the state courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the three unexhausted issues he has presented in

this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and

Michigan Supreme Court. The Michigan Supreme Court denied his application on November 29, 2007. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Wednesday, February 27, 2008. Accordingly, Petitioner had one year, until February 27, 2009, in which to file his habeas petition. Petitioner filed his initial petition in this action on or about November 13, 2008. However, his second amended petition, which is now before the Court, was not filed until March 1, 2009, after the expiration of the statute of limitations.[2]

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[3] In the instant case, the statute of limitations has now expired. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer* 276 F.3d at 781.

---

[2]The Court notes that all seven of Petitioner's grounds for relief were, however imperfectly, adverted to in Petitioner's first two petitions. As a consequence, all claims must be considered to "relate back" either to the original or the first amended petition, both of which were filed prior to the expiration of the limitations period. *See Mayle v. Felix*, 545 U.S. 644 (2005) (holding that an amended complaint that adds a new issue will not relate back to the original petition under FED. R. CIV. P. 15(c)(2) for purposes of avoiding the statute of limitations).

[3]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within thirty days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for the his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

An Order consistent with this Opinion will be entered.

Dated: March 17, 2009  /s/ Robert Holmes Bell  
ROBERT HOLMES BELL  
UNITED STATES DISTRICT JUDGE